**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06CV-P570-C**

**DAVID THOMAS COHRON**
**PLAINTIFF**

v.

**CITY OF LOUISVILLE** *et al.*
**DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff, David Thomas Cohron, filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Also before the court is the plaintiff's motion to amend/supplement, motion for injunctive relief, and motion for appointment of counsel. For the reasons set forth below, the Court will: 1) dismiss the plaintiff's claims against Jane Doe Nurse "Will not give"; 2) allow the plaintiff's cruel and unusual punishment, excessive force, and retaliation claims to proceed against the remaining defendants in both their individual and official capacities; 3) partially grant the plaintiff's motion to amend/supplement; 4) deny the plaintiff's motion for injunctive relief as moot; and 5) deny the plaintiff's motion for appointment of counsel.

### I. SUMMARY OF CLAIMS

The plaintiff, a former pretrial detainee at the Louisville Metro Department of

Corrections[1] ("Metro Corrections"), filed suit against various Metro Corrections employees: 1) Sergeant Gary Dixon; 2) Officer Christopher Hornback; 3) Officer David Basham; 4) Officer Lisa Estes; and 5) Jane Doe Nurse "Will not give."[2] The plaintiff sued each defendant in both individual and official capacities. The plaintiff alleges defendants Hornback, Basham, Dixon, and Estes assaulted and abused him during a booking on December 21, 2005, and that he has been retaliated against by the defendants and others for complaining about that incident and for filing this lawsuit. The plaintiff is seeking compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1); *McGore*, 114

---

[1] Since filing his complaint, the plaintiff has been transferred to the Roederer Correctional Complex.

[2] The plaintiff listed "the City of Louisville, Louisville Metro Corrections Department" as a defendant in the caption of his complaint, but did not list it as a defendant in the "parties" section of the complaint. Because the plaintiff sued each of the defendants in an official capacity, the court need not decide whether the plaintiff has properly listed the entity as a defendant. When an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, in the case at bar, the plaintiff's official capacity claims against the defendants are actually brought against Louisville-Metro.

F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, th complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.     Claims against Jane Doe Nurse "Will not give"**

The court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard*, 76 F.3d at 726. To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. The complaint contains no allegations of fact that specifically address Nurse "Will not give." The complaint simply lists her as a defendant. Absent allegations of her personal involvement, the complaint fails to state a claim against her. Thus deficient, the plaintiff's claims against Nurse "Will not give" must be dismissed for failure to state a claim upon which relief can be granted.

**B.     Remaining claims**

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). In this case, the plaintiff alleges that during the December 21, 2005, assault, defendants Dixon, Hornback, Basham, and Estes violated his Fourteenth Amendment right to be free from cruel and unusual punishment and his Fourth Amendment right to be free from excessive

4

force, and that those defendants later retaliated against him in violation of the First Amendment. Taking the plaintiff's allegations as true, which the court must on initial review, the court concludes that the plaintiff's remaining claims should proceed for further development. In permitting these claims to proceed, the court passes no judgment on the merit and ultimate outcome of the action.

### IV. Motion to Amend

The plaintiff has requested leave to amend/supplement his complaint to include seventeen additional allegations. The court should freely grant leave to file an amended complaint before a responsive pleading has been filed. Fed. R. Civ. P. 15(a). However, such leave should be denied where the amendment would be futile, such as where the material or claims to be added remain subject to dismissal for failure to state a claim. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The court has separately reviewed each allegation the plaintiff seeks to add to his complaint. The court will grant the plaintiff's motion to amend as it relates to paragraphs 1, 3, 5, 6, 7, 8,[3] 12, 13, and 17. For the most part, the allegations contained in these paragraphs merely seek to supplement the plaintiff's previous First, Fourth, and Fourteenth Amendment claims against the defendants.

---

[3]In paragraph 8, the plaintiff alleges that defendant Hornback filed criminal charges against the plaintiff arising out of the alleged assault. In light of *Wallace v. Kato*, -- U.S. --, 127 S. Ct. 1091, 1098, 2007 WL 517122, at *6 (U.S. Feb. 21, 2007), the court requested the plaintiff to provide it with a status report regarding those charges. The plaintiff recently advised the court that the charges have been dismissed. Accordingly, this court is free to adjudicate the plaintiff's claims against defendant Hornback. *See id.*

5

For the reasons explained below, leave to amend will be denied as to the remaining paragraphs because the proposed amendments would be futile.

In paragraphs 2, 9, 14, 15, and 16 the plaintiff is seeking to add a claim against the defendants for refusing his request to be placed in administrative segregation. This claim would be futile because a prisoner has no constitutional right to be housed in any particular location, *Meachum v. Fano*, 427 U.S. 215, 224 (1976), or to receive a particular security classification, *Moody v. Daggett*, 429 U.S. 78, 87 (1976).

In paragraphs 4 and 10, the plaintiff seeks to add a claim against the defendants based on their alleged "habit and custom of not allowing inmates to exhaust their administrative remedies" and their alleged refusal to properly investigate his complaints. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005). As another court explained,

> Plaintiff's allegation that defendants[] fail[ed] to respond to his grievances does not rise to the level of a violation of his constitutional rights. There is no constitutional requirement to an inmate grievance system. *See Azeez v. De Robertis*, 568 F. Supp. 8 (N.D. Ill. 1982); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994). If a state prison system does provide a mechanism, violations of its provisions do not deprive prisoners of federal constitutional rights. Consequently, ***the failure of defendants to follow the grievance mechanism does not in itself give rise to a § 1983 claim.*** *Doans v. Rice*, 831 F.2d 1057 (4th Cir. 1987).

*Gordon v. Barrow*, No. 7:05-CV-55, 2005 U.S. Dist. LEXIS 17082, at *3-4 (M.D.

6

Ga. Jul. 21, 2005) (emphasis added).

In paragraph 11 plaintiff seeks to add a claim that the defendants refused to follow through on the plaintiff's desire to press criminal charges against the defendants for the alleged assault. "In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). As further explained by the Sixth Circuit,

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973). However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, 779 F.2d 49 (6th Cir. 1985). Thus, this claim is also futile.

### V. Motion for Injunctive Relief

Plaintiff has requested this court to immediately order "plaintiff placed into another jail and at the least be kept in administrative segregation for his own protection." Since filing this motion, the plaintiff has been transferred to Roederer Correctional Complex. Accordingly, his motion for injunctive relief is moot and will

Ga. Jul. 21, 2005) (emphasis added).

In paragraph 11 plaintiff seeks to add a claim that the defendants refused to follow through on the plaintiff's desire to press criminal charges against the defendants for the alleged assault. "In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). As further explained by the Sixth Circuit,

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973). However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, 779 F.2d 49 (6th Cir. 1985). Thus, this claim is also futile.

### V. Motion for Injunctive Relief

Plaintiff has requested this court to immediately order "plaintiff placed into another jail and at the least be kept in administrative segregation for his own protection." Since filing this motion, the plaintiff has been transferred to Roederer Correctional Complex. Accordingly, his motion for injunctive relief is moot and will

be denied.

## VI. Motion for Appointment of Counsel

Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the court must consider the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.* The court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time. Further, based on the pleadings filed thus far, it appears that the plaintiff is able to access the courts and to represent himself. The plaintiff's pleadings are coherent and legible, reflecting his ability to express himself to the court. Thus, the court concludes that the plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time. Therefore, the court will deny his request for counsel.

The court will enter orders consistent with this memorandum opinion.

The clerk is directed to serve a copy of this memorandum opinion on the plaintiff, the defendants, and the Jefferson County Attorney.

Signed on  August 1, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**